UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT ALLING HULL,

        Petitioner,

vs.                        Case No. 2:06-cv-356-FtM-99SPC

STATE OF FLORIDA; FLORIDA ATTORNEY
GENERAL,

        Respondents.
_____

**ORDER**

This matter comes before the Court upon review of Petitioner's Motion to Proceed *In Forma Pauperis* on Appeal (Doc. #37), filed on September 5, 2006. No "Notice of Appeal" *per se* has been filed in conjunction with the request to proceed *in forma pauperis* on appeal, however, it appears to be petitioner's intent to appeal. Therefore, the "Motion for Explanation of Denial of Opportunity to Address Objection" (Doc. #36) will be deemed a Notice of Appeal and processed as such. Pursuant to Fed. R. App. P. 22(b)(1), this is deemed to also include an application for certificate of appealability.

On April 24, 1996, the President signed into law amendments to 28 U.S.C. §§ 2244, 2253, 2254, 2255, Appellate Rule 22, and 21 U.S.C. § 848(q). Under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. The decision to issue a certificate of appealability requires "an overview of the claims in

the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

Specifically, where a district court has rejected a prisoner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000); Peoples v. Haley, 227 F.3d 1342 (11th Cir. 2000). When the district court has rejected a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Slack, 529 U.S. at 484; Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000) (*per curiam*), cert. denied, 121 S. Ct. 1738 (2001). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 537 U.S. at 336.

On July 21, 2006, the Court entered an Order (Doc. #4) dismissing without prejudice petitioner's § 2254 petition for writ of habeas corpus as premature because Petitioner's state trial proceedings were pending.[1]  The Court finds that petitioner has

---

[1] In the July 21 Order the Court noted that according to the Lee County Clerk of Court website, Petitioner's state trial was set for July 31, 2006. See www.leeclerk.org

failed to show that jurists of reason would find it debatable whether the Court was correct in its procedural ruling. Therefore, the certificate of appealability is due to be denied. As a result, Petitioner's request to proceed *in forma pauperis* on appeal is denied as moot.

Accordingly, it is now

**ORDERED**:

1. Petitioner's "Motion for Explanation of Denial of Opportunity to Address Objection" (Doc. #36) is **terminated as a motion** and shall be treated as a Notice of Appeal. The Clerk shall process and transmit the "Motion for Explanation of Denial of Opportunity to Address Objection" as a Notice of Appeal forthwith.

2. Petitioner's request for a Certificate of Appealability, deemed included in the Notice of Appeal (Doc. #36), is **DENIED.**

2. Petitioner's request to proceed *in forma pauperis* on appeal (Doc. #37) is **DENIED** as moot.

**DONE AND ORDERED** in Fort Myers, Florida, on this __14th__ day of September, 2006.

JOHN E. STEELE
United States District Judge

SA:   alj
Copies: All Parties of Record